present, as is the constitutional access to habeas corpus (N. Y. Const., art. I, § 4), and these perforce override any statutory distributions of judicial power or appealability. Secondly, even where an exercise of *discretion is operative* there must, as a matter of law, be underlying facts which will support that exercise either in denying bail or fixing the amount of bail." (*People ex rel. Klein* v. *Krueger*, 25 N Y 2d 497, 501.) (Proceeding to annul order adjudging petitioner guilty of criminal contempt.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK ex rel. FAUST BLASETTI, Appellant, v. VINCENT R. MANCUSI, as Warden of Attica Prison, Respondent. — Motion for leave to appeal on original record and typewritten briefs denied as not necessary; appeal dismissed as moot. (See *People ex rel. Thomas* v. *Mancusi*, 34 A D 2d 731.)

# (May 21, 1970)

 MARY E. SACCO, as Administratrix of the Estate of JOSEPH E. SACCO, Deceased, Respondent, v. MICHAEL BODWITCH et al., Individually and as Copartners, et al., Appellants. (Appeal No. 1.) — Judgment unanimously affirmed, with costs. Memorandum: The receipt of the opinions of two Deputy Sheriffs as to the point of collision between two automobiles based upon the position of the two automobiles after the accident and the location of the debris was error. They were not qualified as experts. Even if they had been, the conclusion was within the competence of the jurors. (*Meiselman* v. *Crown Hgts. Hosp.*, 285 N. Y. 389, 396.) However, there being other uncontradicted proof which put the collision at the same place, the error was not prejudicial and does not require reversal. (CPLR 2002; *Martin* v. *Marshall*, 25 A D 2d 594.) (Appeal from judgment of Oswego Trial Term in automobile negligence action.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Henry, JJ.

 WILLIAM R. PELIN, Respondent, v. MICHAEL BODWITCH et al., Individually and as Copartners, et al., Appellants. (Appeal No. 2.) — Judgment unanimously affirmed, with costs. Same memorandum as in *Sacco* v. *Bodwitch* (34 A D 2d 885). (Appeal from judgment of Oswego Trial Term in automobile negligence action.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Henry, JJ.

 BARBARA J. KEEFE, as Administratrix of the Estate of EDWIN T. KEEFE, Deceased, Respondent, v. MICHAEL BODWITCH et al., Individually and as Copartners, et al., Appellants. (Appeal No. 3.) — Judgment unanimously affirmed, with costs. Same memorandum as in *Sacco* v. *Bodwitch* (34 A D 2d 885). (Appeal from judgment of Oswego Trial Term in automobile negligence action.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Henry, JJ.

 MICHAEL BODWITCH, Appellant, v. CHRYSLER MOTORS CORPORATION, Defendant and LEWIS GOODMAN, INC., Respondent. (Appeal No. 4.) — Judgment unanimously affirmed, with costs. Same memorandum as in *Sacco* v. *Bodwitch* (34 A D 2d 885). (Appeal from judgment of Oswego Trial Term, in automobile negligence action.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Henry, JJ.

 MICHAEL BODWITCH, Appellant, v. CHRYSLER MOTORS CORPORATION, Respondent et al., Defendant. (Appeal No. 5.) — Judgment unanimously affirmed, with costs. Same memorandum as in *Sacco* v. *Bodwitch* (34 A D 2d 885). (Appeal from judgment of Oswego Trial Term, in automobile negligence action.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Henry, JJ.